# Exhibit A

 CT Corporation

**Service of Process Transmittal**
05/14/2015
CT Log Number 527117147

TO:     Mark Silver
        Ryerson Inc.
        227 W Monroe St Fl 27
        Chicago, IL 60606-5081

RE:     **Process Served in Missouri**

FOR:    Joseph T. Ryerson & Son, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Connector Castings, Inc., Pltf. vs. Joseph T. Ryerson & Son, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Petition, Exhibit, Motion |
| **COURT/AGENCY:** | St. Louis City County Circuit Court, MO<br>Case # 1522CC00949 |
| **NATURE OF ACTION:** | Violation of the Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/14/2015 at 09:00 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after receipt, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ronald J. Eisenberg<br>Schultz & Associates LLP<br>640 Cepi Drive<br>Suite A<br>Chesterfield, MO 63005<br>636-537-4645 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 780656535791 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of  1 / AR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1522-CC00949 |
|---|---|
| Plaintiff/Petitioner:<br>CONNECTOR CASTINGS, INC. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO  63005 |
| vs. | |
| Defendant/Respondent:<br>JOSEPH T RYERSON & SON INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  JOSEPH T RYERSON & SON INC<br>Alias:  DBA RYERSON | |
|---|---|
| CT CORPORATION SYSTEM<br>120 SOUTH CENTRAL AVE<br>CLAYTON, MO  63105 | ST LOUIS COUNTY, MO |



COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

APRIL 30, 2015
Date

_Thomas Kloeppinger_
Thomas Kloeppinger
Circuit Clerk

CITY OF ST LOUIS

Further Information:

## Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address).

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

_(Seal)_     Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
Date                            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

**1522-CC00949**

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

| | | |
|---|---|---|
| CONNECTOR CASTINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JOSEPH T. RYERSON & SON, INC. | ) | Division: |
| d/b/a RYERSON, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve registered agent: | ) | |
| C T Corporation System | ) | |
| 120 South Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION PETITION

Plaintiff Connector Castings, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants Joseph T. Ryerson & Son, Inc. d/b/a Ryerson and John Does 1-10.

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a Missouri corporation with its principal place of business in the City of St. Louis, Missouri.

2.      Defendant Joseph T. Ryerson & Son, Inc. d/b/a Ryerson (Ryerson) is a Delaware corporation with its principal place of business or corporate headquarters in Chicago, Illinois, and has a registered agent and an office in St. Louis County, Missouri.

1

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

3.     According to Ryerson's website, "Ryerson is a services company that processes and distributes metals, with operations in the United States, Mexico, Canada, China and Brazil.  Founded in 1842, Ryerson is headquartered in Chicago and employs approximately 4,000 employees in more than 100 locations." https://www.ryerson.com/ (last visited Apr. 15, 2015).

4.     John Does 1-10 are not presently known and will be identified through discovery.

5.     John Doe 1 is an individual who uses the email address "Sales@Ryerson.com."

6.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent an illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, i.e., conversion of Plaintiff's ink or toner and paper, and/or Defendants otherwise have sufficient minimum contacts with this state.

7.     Venue is proper under the TCPA and/or under Missouri Revised Statutes § 508.010.2.

## THE FAX

8.     On April 22, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 421-5433 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

2

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

9.     The Fax advertised the commercial availability or quality of property or goods, including bar and tubing products.

10.     The Fax advertised the commercial availability or quality of services, including bandsaw cutting, precision sawing, next-day delivery, and stocking programs.

11.     A smaller version of the Fax is pasted below:

3

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

12.     The Fax lacked a clear and conspicuous opt-out notice.

## THE TCPA

13.     Under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA"), any "unsolicited advertisement" sent to a "telephone facsimile machine" must meet three requirements:   (1) the sender must have an "established business relationship" with the recipient; (2) the sender must have acquired the recipient's fax number either directly from the recipient or from a public source where the recipient made its number publicly available; and (3) the facsimile must include certain information in an opt-out notice to inform the recipient of the ability and means to avoid future unsolicited advertisements. *See* 47 U.S.C. § 227(b)(1)(C)(i)-(iii); 47 C.F.R. § 64.1200(a)(4)(i)-(iv).

14.     The opt-out notice must (1) be "clear and conspicuous and on the first page of the advertisement"; (2) "state that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request  . . . is unlawful"; (3) include "[a] domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender," and "[i]f neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or email address, for a recipient to

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

transmit a request pursuant to such notice to the sender of the advertisement." 47 C.F.R. § 64.1200(a)(4)(iii)(A)-(D).

15.    "The fact that Defendants may have obtained the fax numbers through a prior relationship with the class members or through voluntary consent does not eliminate the TCPA's opt-out notice requirement." *C-Mart, Inc. v. Metropolitan Life Ins. Co.*, No. 13-80561-CIV, 2014 U.S. Dist. LEXIS 13717, at *14 (S.D. Fl. Feb. 4, 2014) (citing *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013)).

16.    "Even when the [TCPA] permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) (citing.47 U.S.C. § 227(b)(1)(C)(iii), (2)(D)).

17.    "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

18.    The TCPA provides a private right of action to enjoin violations, to receive statutory damages of $500 for each such violation, or both such actions. 47 U.S.C. § 227(b)(3)(A)-(C).

19.    For willful and knowing violations of the TCPA, the Court may award treble damages, i.e., up to $1,500 per violation.  47 U.S.C. § 227(b)(3).

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

21.    Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

22.    Plaintiff reserves the right to amend the class definition upon completion of discovery related to class-certification.

23.    Numerosity: Plaintiff alleges that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities.   Joinder of all Class members is impracticable.

24.    Commonality: Common questions of law and fact apply to the claims of all Class members, including, but not limited to, the following:

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

a.  Whether Defendants sent unsolicited facsimile advertisements;

b.  Whether the facsimiles Defendants sent advertised the commercial availability or quality of any property, goods, or services;

c.  Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

d.  The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited facsimile advertisements;

e.  Whether Defendants sent unsolicited facsimile advertisements without first obtaining the recipients' prior express invitation or permission;

f.  Whether Defendants violated the TCPA;

g.  Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

h.  Whether Plaintiff and the Class are entitled to statutory damages; and

i.  Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA;

25.  <u>Typicality:</u>  Plaintiff's claims are typical of the claims of all Class members.  On information and belief, the Fax received by Plaintiff was substantially the same as the faxes sent by or on behalf of Defendants to the Class.  Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute and federal regulation.  Defendants have acted the same or in a similar manner with respect

7

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

to Plaintiff and all Class members by sending Plaintiff and each member of the Class faxes with the same TCPA violations.

26.   <u>Adequacy:</u> Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel.

27.   <u>Need for Consistent Standards and Practical Effect of Adjudication:</u> Class certification is appropriate because the prosecution of individual actions by Class members would (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants and (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of Class members who are not parties.

28.   <u>Common Conduct:</u>   Class certification is appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all Class members, thereby making injunctive and declaratory relief appropriate.  Plaintiff demands such relief as authorized by Section 227(b)(3).

29.   <u>Predominance and Superiority:</u> Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a.     Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    b.     Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

and will not require individualized or separate inquiries or proceedings;

c.  Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.  The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one case based upon common proofs; and

e.  This case is inherently manageable as a class action in that:

   (i)   Defendants identified persons or entities to receive the fax transmissions and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class members and establish liability and damages;

   (ii)  Liability and damages can be established for Plaintiff and the Class with the same common proofs;

   (iii) Statutory damages under the TCPA are the same for all class members and can be calculated in the same or a similar manner;

   (iv)  A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

   (v)   A class action will contribute to uniformity of decisions concerning Defendants' practices; and

   (vi)  As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIM FOR RELIEF

30.  Defendants used a telephone facsimile machine to send the Fax to Plaintiff.

31.  Plaintiff received the Fax.

32.  The Fax is an unsolicited advertisement.

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

33.    The Fax constitutes material advertising the commercial availability or quality of any property, goods, or services.

34.    Plaintiff had not provided prior express invitation or permission, in writing or otherwise, to Defendants to send the Fax.

35.    The Fax consumed Plaintiff's ink or toner, paper, and time, thereby damaging Plaintiff.

36.    Such time otherwise would have been spent on Plaintiff's business activities.

37.    Defendants' facsimile unlawfully interrupted Plaintiff's privacy interests in being left alone and in determining how to use Plaintiff's resources.

38.    The injury and property damage sustained by Plaintiff and the other members of the Class from Defendants' sending advertisements occurred outside of Defendants' premises.

39.    The Fax does not contain a proper opt-out notice under the TCPA.

40.    The TCPA is a strict-liability statute; therefore, Defendants are liable to Plaintiff and to the Class even if Defendants' actions were only negligent.

41.    Defendants knew or should have known that (a) Plaintiff and Class had not given express invitation or permission for Defendants to send facsimile advertisements about Defendants' property, goods, or services; (b) Plaintiff and Class did not have an established business relationship with Defendants; (c) Defendants transmitted advertisements; (d) the Fax did not contain the required

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

opt-out notice; and (e) Defendants' transmission of advertisements that did not contain the required opt-out notice was unlawful.

42.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

WHEREFORE, Plaintiff Connector Castings, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Joseph T. Ryerson & Son, Inc. d/b/a Ryerson and John Does 1-10, jointly and severally, as follows:

a.    certify this action as a class action and appoint Plaintiff as Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.    award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.    enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

11

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

g.   award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.   award Plaintiff prejudgment interest and costs; and

i.   grant Plaintiff all other relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

**1522-CC00949**

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

# RYERSON

## Your Quality Supplier of Bar and Tubing Products

### HR Carbon & Alloy Bar
| | |
|---|---|
| Grades | A36, 1018, 1045, 1141, 4140, 4150, 4340 and 8620 |
| Rounds | ¾" Through 24" |
| Squares | ¾" Through 4" |
| Flats | Thickness, 3/16" – 3"; Width, ¾" – 8" |
| Structural | A36 Angles, Channels & Beams (Various Sizes) |

** 4140 and 4340 in both quenched tempered stress relieved or annealed conditions

### Cold Finish Bar
| | |
|---|---|
| Grades | 1018, 1045, 1117, 1144, 1215, 12L14, 4140, and 8620 |
| | Stressproof, Fatigueproof & ETD 150 |
| Rounds | ½" through 6" |
| Squares | ½" through 4" |
| Flats | Thickness, 1/8" – 2"; Width, ½" – 6" |

** Ryerson can offer cold drawn bar as well as T&P and TGP products.

### Carbon Tubing
| | |
|---|---|
| Grades | A500 Structural and A513 Mechanical |
| Rounds | 1" O.D x wall through 4" O.D x wall |
| Squares | 1" SQ x wall through 6" Square x wall |
| Rects | ¾ x 1-1/2 x wall through 6 x 4 x wall |

### Aluminum Long
| | |
|---|---|
| Grades | 6061, 6063, 2011, 2024, 7075 |
| Rounds | 3/8" through 5.5" |
| Squares | 3/8" through 3" |
| Flats | Thickness, 1/8" – 3"; Width, 1/2" – 12" |
| Tube | ¾" Rounds through 3" x 6" Rectangular |
| Structural | Angles, Channels, Beams |
| Pipe | ½" – 6" |
| Hexagon | ¾"-1.25" |

### Stainless Long
| | |
|---|---|
| Grades | 303, 304/304L, 316/316L, 17-4PH, 17-4HH 1150 |
| Rounds | ¼" through 16" |
| Squares | ¼" through 1" |
| Flats | Thickness, 1/8" – 1.5"; Width, 1" – 6" |
| Structural | Angles, Channels, Beams |
| Pipe/Tube | up to 24" |

**Other Grades and Sizes of Long Products Available Upon Request**

Sales & Service:
Phone:  855- RYERSON (855-793-7766)
Fax:    800-466-9123
Email:  Sales@Ryerson.com

* Bandsaw Cutting up to 22"
* Precision Sawing +/- 0.010" up to 7"
* Next Day Delivery
* Stocking Programs Available

Ex. 1

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

**1522-CC00949**

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

CONNECTOR CASTINGS, INC.,      )
                                    )
     Plaintiff,                )
                                      )
v.                                    )      Case No.
                                      )
JOSEPH T. RYERSON & SON, INC.   )
d/b/a RYERSON, et al.,          )
                                      )
     Defendants.            )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Connector Castings, Inc., requests, under Missouri Supreme Court Rule 52.08, that this Court certify as a class action its case against Defendants for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

This case involves annoying unwanted junk faxes. Plaintiff seeks certification for the following Class of similarly situated persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

1

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

Plaintiff further requests that the Court appoint Plaintiff as the class representative and Schultz & Associates LLP as class counsel.  In further support of this motion, Plaintiff states as follows:

1.     This action seeks class-wide redress for violations of the TCPA because Defendants sent TCPA-violating junk faxes to Plaintiff.  "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients."  *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

2.     Plaintiff is filing this motion at this time to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer, as suggested by some court decisions.  *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); Mo. S. Ct. R. 77.04 (offer of judgment); *Sandusky Wellness Ctr. LLC v. Co. v. Medtox Scientific*, No. 12-2066, 2015 U.S. Dist. LEXIS 9113, at **4-6 (D. Minn. Jan. 27, 2015) (granting summary judgment in TCPA case because settlement offer mooted claims); *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460, at **6-7 (W.D. Mo. Sept. 26, 2013) (granting dismissal of putative class action after defendant's offer of judgment).  *But see Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit.")); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 400 (E.D. Mo. 2014). Magistrate Judge Terry Adelman of the United States District Court for the Eastern District of Missouri rejected a pick-off attempt, but cautioned that "in future cases, putative class action plaintiffs would be wise to immediately file such motions [for class

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

certification] to protect the class from similar motions to dismiss based on offers of judgment." *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, at **10-11 (E.D. Mo. Dec. 4, 2013). Plaintiff heeded such advice. Although Plaintiff has not yet had an opportunity to conduct discovery, Plaintiff intends to do so and to file an amended or supplemental motion for class certification thereafter. Therefore, Plaintiff requests that the Court stay ruling on this motion and that the Court allow Plaintiff to amend or supplement.

3. All prerequisites of Rule 52.08 for class certification have been met.

4. <u>Numerosity</u>. Given the nature of the Fax identified in the Class Action Petition, which appear to be a form document, it is apparent that Defendants did not create the sophisticated Fax solely to send it to Plaintiff but rather used it as part of their much broader advertising campaign. Plaintiff alleged that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities and that joinder of all Class members is impracticable. "Class certifications have been upheld where the class is composed of 100 or even less." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. Ct. App. W.D. 2006) (citing cases in which 18, 19, 25, 51, 72, 92 class members were sufficient). Numerosity is satisfied and joinder is impracticable given the large number of class members. *See* Mo. S. Ct. R. 52.08(a)(1).

5. <u>Commonality and Predominance</u>: There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

a. Whether Defendants sent unsolicited facsimile advertisements;

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

b.    Whether the facsimiles Defendants sent advertised the commercial availability or quality of any property, goods, or services;

c.    Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

d.    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited facsimile advertisements;

e.    Whether Defendants sent unsolicited facsimile advertisements without first obtaining the recipients' prior express invitation or permission;

f.    Whether Defendants violated the TCPA;

g.    Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

h.    Whether Plaintiff and the Class are entitled to statutory damages; and

i.    Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA.

The class definition ensures that the Class members have identical claims, both factually and legally, and that there are common defenses available to Defendants for each Class member. *See* Mo. S. Ct. R. 52.08(a)(2).

6.    <u>Typicality</u>:  Plaintiff's claims are typical of the Class in that Plaintiff and the Class all suffered damages as a direct and proximate result of the same wrongful practices and conduct of Defendants.  Plaintiff's claims are based upon the same legal theories, statutes, and regulations as the Class members' claims.

7.    <u>Adequacy</u>:  Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with,

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

those interests for the Class, and has retained experienced and qualified counsel. Plaintiff has been actively engaged in assisting its counsel with the case and Plaintiff's counsel have filed at least a dozen class action lawsuits since January 2012, settled some of them, successfully defended class actions, and argued class actions before the Missouri Supreme Court and the Eighth Circuit Court of Appeals. *See, e.g., Nickell v. Shanahan*, 439 S.W.3d 223 (Mo. banc 2014) (successfully defended); *Hargis v. JLB Corp.*, 357 S.W.3d 574 (Mo. banc 2011) (successfully defended); *Suzanne Degnen, D.M.D., P.C. v. United Bankcard, Inc.*, No. 4:13-cv-00567-CEJ (E.D. MO. 2013) (settled on class-wide basis); *Suzanne Degnen, D.M.D., P.C. v. Entrust Cos. LLC*, No. 12SL-CC04715 (St. Louis County Cir. Ct.) (settled on class-wide basis). Plaintiff's counsel have achieved Martindale-Hubbell® Peer Review Ratings™ of AV® Preeminent™.

8.   <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically impracticable for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious and redundant litigation, prosecution as a class action will eliminate the possibility of inconsistent rulings, and a class action will enable the claims to be handled in an orderly expeditious manner.

9.   Class certification is appropriate, because prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications as to individual members of the class, which would establish incompatible standards of conduct required of Defendants.

10.   Class certification is appropriate, because Defendants have acted on grounds generally applicable to the Class, by sending similar faxes, and refused to act

Electronically Filed - City of St. Louis - April 30, 2015 - 04:01 PM

on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11.     A class action is an appropriate and a superior method for the fair and efficient adjudication of the controversy insofar as common questions of law and/or fact predominate over any individual questions which may arise, and there would be significant savings to the Class and to Defendants in litigating common issues on a class-wide basis.

12.     No unusual difficulties are likely to be encountered in the management of the case on a class basis.

WHEREFORE, Plaintiff requests that this Court certify this case as a class action as to the Class defined herein, appoint Plaintiff as class representative, appoint Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP as class counsel, stay further class-certification briefing, and grant Plaintiff any other relief deemed proper.

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system on April 30, 2015.

6