IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNECTOR CASTINGS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15-CV-851 SNLJ |
| JOSEPH T. RYERSON & SON, INC., d/b/a RYERSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff brought this action on behalf of itself and others similarly situated against the defendant Joseph T. Ryerson & Son, Inc., which does business as "Ryerson," and several John Does. Ryerson is a services company that processes and distributes metals. Plaintiff alleges that defendant sent "junk faxes" to it in violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"). Defendant removed this case from the 22nd Judicial Circuit for the City of St. Louis. Plaintiff filed with its state court petition a motion to certify a class of similarly situated individuals/entities. Defendant moved to dismiss (#15) on July 2, 2015, because, among other reasons, defendant had made an offer of "more than complete relief" to plaintiff. Defendant had offered plaintiff three times the statutory amount of damages for the one "junk fax" plaintiff allege it received from defendant. Defendant sought an order entering judgment in favor of plaintiff for the full amount of

1

the offer and dismissing the class allegations without prejudice. Defendant also moved to strike class allegations (#17) on July 2, 2015.

Plaintiff amended its complaint (#21) on July 23, 2015 and filed a "Motion to Certify Class and to Stay Briefing and Ruling as to Same" (#22) on the same day. The amended complaint added that plaintiff had received other junk faxes from defendant in addition to the fax it alleged it received on April 22, 2014. Defendant filed a renewed motion to dismiss (#27) and a renewed motion to strike class allegations (#29). Plaintiff has also filed a motion to strike defendant's offer of judgment (#39).

## I.     Motion to Dismiss (#27)

Defendant's motion to dismiss is based upon Federal Rule of Civil Procedure 12(b)(6), under which a court must dismiss a complaint if it does not plead sufficient facts to state a claim for which relief may be granted. A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

Defendant contends that because plaintiff has pleaded specific facts related only to one fax received on April 22, 2014, and because defendant has made an offer of judgment that moots the case or controversy, that the complaint should be dismissed. Plaintiff's amended complaint adds that defendant sent "on information and belief other similar faxes" but that plaintiff does not still possess every fax. (#21 ¶¶ 9, 32.) Defendant contends that plaintiff is required to provide specific details about each alleged fax in order to state a claim as to multiple faxes. Plaintiff counters that defendant's transmission records will provide the details and that plaintiff is not required to plead the details of each fax so specifically.

Defendant relies upon an unpublished case from the Northern District of Illinois in support of its contention that each fax must be pleaded with specificity in order to withstand a Rule 12(b)(6) motion to dismiss. *See Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009). That case, however, has been disagreed with by a published, more recent case from that district, which states that the federal rules do "not require a TCPA plaintiff to plead every detail about every text message or telephone call placed." *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1004 (N.D. Ill. 2014). The Northern District of Illinois thus denied a motion to dismiss a complaint in which some --- but not all --- specific facts were provided about the calls received. *Id.* In general, this Court has similarly not required exhaustive specificity with respect to every offending call alleged. *See Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165, (E.D. Mo. 2015) (collecting cases). As a result, plaintiff's amended

complaint alleging multiple faxes sent to it in violation of the TCPA is sufficient to withstand defendant's motion to dismiss.

Defendant also contends that plaintiff's complaint should be dismissed because it is now devoid of a case or controversy. That will be discussed in the next section.

## II. Motion to Strike (#39)

Defendant offered judgment to plaintiff in the amount of $4,500 plus an injunction. Statutory damages for plaintiff's claims are $1,500 per fax, so defendant suggests plaintiff's case is moot and that judgment should be entered for plaintiff pursuant to the terms of the offer. Indeed, Federal Rule of Civil Procedure 68(a) states that a party may make an offer of judgment, and this Circuit recognizes that when such an offer moots an action, the proper procedure is to enter judgment for the plaintiff, even where the offer was not accepted. *Bell v. Cent. Transp., LLC*, No. 4:14 CV 1598 RWS, 2015 WL 778785, at *3 (E.D. Mo. Feb. 24, 2015). Plaintiff contends that the offer of judgment applied only to the original complaint, which has itself been mooted by the filing of the amended complaint. Indeed, the amended complaint seeks relief for multiple faxes, and it is not clear that the case would be mooted by an offer of statutory damages equivalent to three faxes. In addition, plaintiff points out, the offer of judgment did not include prejudgment interest nor an incentive award, which this plaintiff is seeking in light of its willingness to act as named plaintiff for a class of similarly situated individuals or entities. Finally, plaintiff states that defendant cannot be permitted to use an offer of judgment to "pick off" class actions such as this one by offering a relatively nominal judgment relative to the amount of judgment that would be recoverable by the class.

Plaintiff contends that the offer of judgment was invalid insomuch as plaintiff had on file a motion to certify the class it seeks to represent. Plaintiff also points out that the offer of judgment sets up plaintiff with a conflict of interest between itself and its duties to the class, and plaintiff suggests that Rule 68 is therefore inapplicable to class actions.

The law in this arena --- that is, the interplay between a class action complaint, the motion to certify, and an offer of judgment --- is evolving. Plaintiff relies on *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 WL 6265070, at *3 (E.D. Mo. Dec. 4, 2013), which observed that

> the Eighth Circuit has not ruled squarely on the issue of whether the tender and rejection of an offer of judgment prior to a request for class certification moots a class action suit. Indeed, the Circuits are divided on this issue. *See, e.g., Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 372 (4th Cir. 2012) (stating that if plaintiff would have made specific demand for actual damages and the defendants offered that amount or more, the offer of judgment would have mooted plaintiff's claim); *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."); *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1084 (9th Cir. 2011) (holding that a rejected offer of judgment for full amount of a putative class representative's individual claim under the FLSA made prior to the filing of a motion for class certification does not moot the class action complaint); *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249 (10th Cir. 2011) ("[A] named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir. 2004) ("Absent undue delay in filing a motion for class certification, ..., where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").

5

*March*, 2013 WL 6265070, at *2.  Notably, one of the cases cited by *March* has since been overruled.  *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) (overruling *Damasco*, 662 F.3d 891).  There, the Seventh Circuit observed that "Settlement proposals designed to decapitate the class upset the incentive structure of the litigation by separating the representative's interests from those of other class members." *Id.*  In *March*, in accordance with that prevailing view, this Court struck an offer of judgment despite plaintiff not having yet filed a motion to certify.  *March*, 2013 WL 6265070, at *3.  *March* further suggested that "putative class action plaintiffs would be wise to immediately file such motions [to certify the class] to protect the class from similar motions to dismiss based on offers of judgment."  *Id.*

Here, the parties' disagreement is even simpler than the dispute in *March* because plaintiff did file a motion to certify the class with each complaint.  Defendant contends that the motion to certify is irrelevant because, defendant insists, the putative class has no legal standing until the Court actually certifies the class; that is, it is the Court's order, not the motion, that triggers standing.  Defendant relies upon recent Supreme Court precedent in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013) for that proposition.  In that case, the Court held that the plaintiff's Fair Labor Standards Act suit had been appropriately dismissed for lack of subject matter jurisdiction where an offer of judgment provided her with full relief.  *Id.* at 1528-29.  That case, however, involved whether a plaintiff's action under the Fair Labor Standards Act remained justiciable after an unaccepted Rule 68 offer fully satisfied plaintiff's claim, rendering plaintiff's claim moot, and no other claimants had opted in.  *Id.*  The Court was clear, however, that the FLSA collective action case was "fundamentally different" from class actions arising

under Federal Rule of Civil Procedure 23. *Id.* at 1529. Further, the *Genesis* Court held that in "the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* As this Court held in *March*, "the *Genesis* case is inapposite to the present Rule 23 class action complaint." 2013 WL 6265070, at *2. Indeed, the plaintiff in *Genesis* had no hope of representing others in her collective action because the opt-in period was over, and her claim was rendered moot by the offer of complete relief to her claim; that is not true here.

This Court agrees with the majority of courts that have rejected the mootness argument in the class action context. *See id.* at *3 (collecting cases). "The sound rationale behind these cases is that Defendant should not be able to use offers of judgment to thwart class actions." *Id.* Although defendant may be technically correct that this Court may not strike a pleading that has not been filed, the Court holds that the offer of judgment does not render plaintiff's case moot or subject to Rule 12(b)(1) dismissal.

### III.  Motion to Strike Class Allegations (#29)

Defendant moves to strike plaintiff's class allegations because, it contends, it is clear from the complaint that the class cannot be certified. Federal Rule of Civil Procedure 23(a) requires a plaintiff seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation. In addition, a plaintiff must meet one of the requirements of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). Although Rule 23(c)(1) permits the Court to address facially defective class allegations, "where the dispute is factual and

7

discovery is needed to determine whether a class should be certified, it may be premature to strike class allegations." *St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc.*, No. 4:12-CV-02224, 2013 WL 1076540, at *5 (E.D. Mo. Mar. 13, 2013) (quoting *Wright v. Family Dollar, Inc*., 2010 WL 4962838, at *1 (N.D.Ill. Nov. 30, 2010)).

Defendant complains that plaintiff's class definition is grammatically confusing. That can be easily remedied. Defendant also complains that because it was not engaged in "blast faxing" but rather was sending faxes only to customers, an individualized analysis of consent will be required on all faxes. Defendant urges this Court to adopt the reasoning of *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 CEJ, 2013 WL 275568, at *4 (E.D. Mo. Jan. 24, 2013), which granted a motion to strike class allegations in a similar junk fax case because the class definition would require the Court to engage in an improper merits evaluation to determine who is in the class --- that is, the Court had to determine who did not consent to the faxes or who did not have an established business relationship with the defendant.

Plaintiff urges this Court to follow *St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc.*, No. 4:12-CV-02224, 2013 WL 1076540, at *6 (E.D. Mo. Mar. 13, 2013). That case also involved a motion to strike class allegations in a junk fax case, and the defendant there similarly argued that the plaintiff's complaint demonstrated that it could not show commonality, typicality, or predominance based on the consent/business relationship question. The *St. Louis Heart Center* case denied the motion to strike because, in contrast to *Lindsay*, which addressed class allegations after limited discovery showed the "unsolicited fax messages received by the [*Lindsay*] plaintiff were…an aberration rather

8

than part of any broader, facsimile-centered marketing scheme," no such factual basis existed for *St. Louis Heart Center* plaintiff. *Id.*

Relatedly, defendant argues that plaintiff has defined its class as a "fail safe" class, meaning "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim on the merits." *Id.* at *6 n.7, (quoting *Lindsay*, 2013 WL 275568, at *4 (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012))). As this Court has observed, however, "there is some debate within the federal courts as to whether a 'fail-safe class' is inherently problematic, and the Eighth Circuit has not weighed in on this debate." *St. Louis Heart Ctr.*, 2013 WL 1076540, at *6 n.7.

Although defendant is correct that some "junk fax" cases are not appropriate for certification, others are and have been certified. *Compare Hinman v. M & M Rental Ctr., Inc.*, 545 F.Supp.2d 802, 807 (N.D.Ill. 2008) (certifying class in case brought under TCPA where fax broadcasts at issue were sent en masse to recipients identified on list of phone numbers) and *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill.2009) (involving "blast faxing" in which more than 7,000 faxes were delivered on behalf of the defendant in a nine-day period) *with Saf–T–Gard Int'l, Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, (N.D.Ill. 2008) (declining to certify class in case brought under TCPA where "there appears to be *no* list of numbers from which the parties (or the court) may reasonably assume class members could be identified" and "[i]t is unclear from the parties' submissions whether [a third-party marketing company engaged by the defendant] would have any records that may reveal the intended recipients of the fax") (emphasis in original). Critically, as defendant itself points out (#45 at 2) the Court must

9

look to evidence to make that determination. Here, there has been no discovery, nor even an answer filed by defendant. Defendant implores the Court to look to the declaration it filed with its motion to strike, but to do so at this early stage would be improper. *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977) ("The propriety of class action status can seldom be determined on the basis of the pleadings alone.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Certify Class and to Stay Briefing and Ruling as to Same" (#22) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (#27) and motion to strike class allegations (#29) are DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to "strike" defendant's offer of judgment (#39) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motion to certify class (#4), defendant's motion to dismiss (#15), and defendant's motion to strike class allegations (#17) are DENIED as moot.

Dated this 21st day of October, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE