**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CONNECTOR CASTINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-851 SNLJ |
| ) | |
| JOSEPH T. RYERSON & SON, INC., ) | |
| d/b/a RYERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff brought this action on behalf of itself and others similarly situated against the defendant Joseph T. Ryerson & Son, Inc., which does business as "Ryerson," and several John Does. Ryerson is a services company that processes and distributes metals. Plaintiff alleges that defendant sent "junk faxes" to it in violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"). Defendant removed this case from the 22nd Judicial Circuit for the City of St. Louis. Plaintiff filed with its state court petition a motion to certify a class of similarly situated individuals/entities. Defendant moved to dismiss (#15) on July 2, 2015, because, among other reasons, defendant had made an offer of "more than complete relief" to plaintiff. Defendant had offered plaintiff three times the statutory amount of damages for the one "junk fax" plaintiff allege it received from defendant.

1

Defendant sought an order entering judgment in favor of plaintiff for the full amount of the offer and dismissing the class allegations without prejudice.

This Court denied defendant's motion to dismiss and motion to strike class allegations (#47). In that Order, the Court recognized that the "law in this arena --- that is, the interplay between a class action complaint, the motion to certify, and an offer of judgment --- is evolving." (#22 at 5.) Defendants seek to appeal this Court's Order denying their motions despite the absence of a final judgment in this case. Specifically, defendants seek certification of the following two questions:

1. Can an offer of full and complete relief to a single putative class representative in a putative class action before a decision on class certification result in entry of judgment for that single putative class representative and dismissal of the class allegations without prejudice? (The "Judgment Issue")

2. Does an offer of judgment under Federal Rule of Civil Procedure 68 allow for post-offer cost-shifting to a single putative class representative if class certification is denied and the ultimate individual recovery for that single putative class representative is less than the offer of judgment? (The "Rule 68 Issue")

Defendant also seeks a stay of this matter pending resolution of the interlocutory appeal or pending resolution of three matters currently pending before the Supreme Court, the United States Court of Appeals for the D.C. Circuit, and the Federal Communications Commissions.

## I. Legal Standard

Defendant seeks this interlocutory appeal under 28 U.S.C. § 1292(b), which provides for appellate review of a non-final order if that order states that it "involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Courts consider the following factors when determining whether to stay a matter: (1) the potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by staying the matter. *SSDD, LLC v. Underwriters at Lloyd's, London*, No. 4:13-CV-258 CAS, 2013 WL 2420676, at *2 (E.D. Mo. June 3, 2013) (quoting *Emerson v. Lincoln Elec. Holdings, Inc.*, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009).

## II. Discussion

In requesting that this Court follow the extraordinary course of interlocutory review of this matter, defendant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quotation omitted). Here, defendant argues immediate appeal is justified because (1) the issue is one of law, not fact, (2) there are substantial grounds for difference of opinion, and (3) resolution could materially advance this case.

Plaintiff disputes that this matter offers a pure question of law because plaintiff disputes that defendant actually offered "full and complete relief" to plaintiff. Plaintiff claims that defendant sent it "junk faxes" in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Plaintiff alleges defendant sent it one fax on April 22, 2014 and "on information and belief other similar faxes." (#21 ¶¶ 9, 32.) Defendant offered judgment to plaintiff in the amount of $4,500 plus an injunction. Statutory damages for plaintiff's claims are $1,500 per fax, so defendant believes plaintiff's case is

moot and that judgment should have been entered for plaintiff pursuant to the terms of the offer and Federal Rule of Civil Procedure 68(a).

Plaintiff contends that the $4,500 offer did not moot its case because it is unclear how many faxes plaintiff received and the offer of judgment did not include prejudgment interest nor an incentive award, which this plaintiff is seeking in light of its willingness to act as named plaintiff for a class of similarly situated individuals or entities. Plaintiff suggests that discovery is required to determine how many faxes plaintiff was sent by defendant and that this issue of fact precludes certification of any appeal of this issue.

Defendant seems to suggest that whether the offer of proof here actually constitutes "full and complete relief" is inapposite. Whether or not $4,500 was adequate compensation, this Court agreed with the majority of courts that have rejected the "mootness argument" in the class action context, and it is on that basis that defendant was denied a Rule 68 judgment. As defendant points out, should this Court's determination be reversed on appeal, all the Court would need to determine is whether defendant's offer provides full and complete relief. Notably, defendant has made a second offer of judgment --- this offer is for $40,000. Defendant states that limited discovery would show that $40,000 plus injunctive relief would provide full and complete relief to plaintiff and moot plaintiff's claim. (#49 at 9.)

This case is not yet ripe for interlocutory appeal. Although this Court has already established that the circuit courts are divided on this subject (#47 at 5), and the issue would be dispositive (thus materially advancing the case), the Court cannot certify this matter for appeal unless the fact issue --- how many faxes defendant sent to plaintiff --- has been addressed. For that reason, the Court will order limited discovery on that

4

matter. The defendant may submit a rewnewed motion in light of that discovery and to update the Court any developments in the law pursuant to the schedule set forth below.

The Court will also deny defendant's motion for a stay at this time in order to proceed with the limited discovery discussed above. In light of the discovery and motion schedule set out below, the Court will also deny plaintiff's motion for issuance of an order setting the Rule 16 conference.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's combined motion for certification under § 1292(b) and to stay (#48) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of an order setting Rule 16 scheduling conference (#55) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the parties shall have until March 22, 2016 by which to complete discovery on the limited issue of how many facsimiles were transmitted to plaintiff by defendant.

**IT IS FINALLY ORDERED** that that any renewed motion for certification and stay shall be filed by March 29, 2016.


Dated this __19th__ day of January, 2016.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE